UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRVIN LEE GREENE,

                Plaintiff,

    v.

PIERCE COUNTY JAIL
CORRECTIONS,

                Defendant.

CASE NO. C13-5605 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
OCTOBER 18, 2013

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4. Defendant removed this

action from state superior court.  Defendant has filed two motions to dismiss this action (ECF

No. 4 and 12). The Court recommends granting the second motion because plaintiff cannot

maintain an action for damages that calls into question the propriety of a criminal conviction

unless that conviction has been overturned or expunged.

1    In the first motion defendant asks that the Court dismiss the action because the named

2    defendant, Pierce County Jail Corrections, is not an entity capable of suing or being sued (ECF

3    No. 4). The correct defendant would be Pierce County.

4    In the second motion defendant asks that the Court dismiss the action because plaintiff is

5    collaterally attacking or challenging the propriety of his state criminal convictions for felony

6    harassment and felony stalking (ECF No. 9).

7                                                      FACTS

8    Tacoma police arrested plaintiff and the state convicted him of felony harassment and

9    felony stalking (ECF No. 1-2, p. 10). Plaintiff alleges that he exercised his Sixth Amendment

10   right to represent himself and he complains that he was denied access to a law library or law

11   computer (ECF No. 1-2, p. 4). Plaintiff seeks monetary damages of five thousand dollars a day

12   for three hundred and eighty five days multiplied by three which would be a total amount of five

13   million seven hundred and seventy five thousand dollars (ECF No. 1-2, p. 6).

14                                         STANDARD OF REVIEW

15   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

16   a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or

17   because of the absence of sufficient facts alleged under a cognizable legal theory. *See, Balistreri*

18   *v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

19   For purposes of ruling on this motion, material allegations in the complaint are taken as

20   admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295

21   (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss

22   does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his

23   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

24

elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint.  *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt  v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).  Pursuant to 28 U.S.C. § 1915(e), the court must dismiss an in forma pauperis complaint when said complaint is frivolous or fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

## DISCUSSION

The Court does not need to address the first motion to dismiss (ECF No. 4). Defendant alleges that the Pierce County Jail is not a proper defendant (*id*.). This is a defect that would not result in dismissal of the action because the defect could easily be cured by amendment of the complaint.

Defendant's second motion to dismiss raises an argument that warrants dismissal of the action. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the

REPORT AND RECOMMENDATION - 3

relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Plaintiff's action falls into this category of cases. If the Court were to find in his favor it would imply that plaintiff was denied access to court during his criminal trial. The Court's finding would call into question the validity of plaintiff's criminal conviction. This defect in plaintiff's case cannot be cured by amendment of the complaint. Plaintiff must first proceed through habeas corpus and attempt to get his criminal conviction overturned. Accordingly the Court recommends granting defendant's second motion to dismiss (ECF No. 12).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

1   6. Failure to file objections will result in a waiver of those objections for purposes of de novo

2   review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4   October 18, 2013, as noted in the caption.

5   　　　　Dated this 13th day of September, 2013.

6

7   J. Richard Creatura
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24